Joseph F. EAVES and wife, Jane Elizabeth Eaves, Appellants,

v.

COUNTY OF DENTON, Texas, Appellee.

No. 2–83–144–CV.

Court of Appeals of Texas, Fort Worth.

March 8, 1984.

Rehearing Denied April 5, 1984.

Ashley, Welch & Ceshker, Gregory L. Ceshker, Dallas, for appellants.

Camp, Jones, O'Neill & Hall, H. Harman Camp, Patrick H. O'Neill, Fort Worth, for appellee.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

HILL, Justice.

This is an appeal by plaintiffs, Joseph F. Eaves and Jane Elizabeth Eaves, from a summary judgment in favor of defendant, Denton County, and from an order overruling their motion for partial summary judgment as to defendant, Denton County.

We affirm.

Plaintiffs sued Denton County, the City of Hickory Creek, and Edward Keith Kerr for damages arising out of a motorcycle-truck accident on March 31, 1979, within the city limits of the City of Hickory Creek, at the intersection of Hickory Creek Road and Point Vista Road. Plaintiffs allege that the defendant Denton County had exclusive control over Hickory Creek Road and that the county had permitted the traffic control sign at the intersection where the accident occurred to deteriorate to an unsafe condition in that the stop sign at that intersection was down at the time of the collision.

By 29 points of error, the Eaves urge that the county had responsibility and jurisdiction over the maintenance and control of the road and stop sign where the accident occurred. The issue to be determined is whether Denton County or the City of Hickory Creek had jurisdiction over the maintenance of the traffic sign in question.

TEX.REV.CIV.STAT.ANN. art. 1016 (Vernon 1963) provides that incorporated cities or towns have exclusive control and power over their streets. TEX.REV.CIV. STAT.ANN. art. 6703 (Vernon 1960) provides that the commissioner's courts of Texas shall assume and have control of such streets in cities and incorporated towns which have no de facto municipal government in the active discharge of their official duties.

De facto is defined in *Webster's Third New International Dictionary*, Unabridged, (1981) as "ACTUALLY: in fact: in reality ... existing in fact and in opposition to an assumed or fictious state of affairs ..." This appears to be the meaning intended here. The basic question presented is whether under the undisputed facts the City of Hickory Creek, at the time of the accident, had a de facto municipal government in the active discharge of their official duties. The City of Hickory Creek performed some city functions and not others. It had a mayor, a city council, secretary, and a city engineer. The council met regularly, with minutes being kept. The

City also had its own water well, sewer system, and volunteer fire department. On the other hand, it had no police department, water department, utility department, or sewer department. With respect to streets and street signs, the city had usually made arrangements with the county for the maintenance of its streets. In 1973 the city did purchase stop signs and erected the one in question with volunteers. The city had no street department. It did not and never has owned any heavy equipment for maintenance, repair, or construction on its roads, and it never had paid employees to perform work on its roads or traffic signs.

Although the City of Hickory Creek had not performed every function that one might expect of a city, the undisputed testimony does establish that it did have a de facto government in the exercise of their official duties. The Eaves rely heavily on the fact that the city was not set up for street maintenance and that the county had always performed whatever maintenance there had been. The evidence established, however, that this work by the county was usually done at the request of the city, either on the basis of a specific or standing request by the mayor or a member of the city council. We believe the fact that the mayor and city council made arrangements to have the city streets maintained showed that the city did have a de facto government in the exercise of their official duties. The Eaves cite no case which would hold that a city which makes arrangements for the maintenance of its streets through its elected officials by making arrangements with the county for such maintenance is not a de facto government in the actual discharge of their official duties, nor do they cite a case which would hold that a county which agreed to perform such functions at the request of the city would be held liable for the failure to perform a maintenance task which it was not asked to perform. Appellants' points of error numbers one through 29 are overruled.

The judgment of the trial court is affirmed.